**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0410, <u>Jerry Perry v. Patricia Brown</u>, the court on March 13, 2020, issued the following order:**

Having considered the briefs, reply memorandum, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Patricia Brown, appeals the order of the Circuit Court (<u>Weaver</u>, J.) in an action filed by the petitioner, Jerry Perry, to partition real property. <u>See</u> RSA chapter 547-C (2019). The respondent argues that the trial court erred in: (1) ordering the property to be sold; (2) ruling that her exhibits were inadmissible; and (2) depriving her of her due process rights.

The property consists of a single-family residence with a detached, three-car garage. The respondent first argues that the trial court erred in ruling that, because the property cannot be physically divided, it must be sold. She argues that the court overlooked the statutory provision stating that the court "may, in its discretion, award or assign the property" to one of the parties, <u>see</u> RSA 547-C:29, and allow her to "buy out" the petitioner's interest, as she requested in her answer to the petition. Assuming, without deciding, that the respondent preserved this issue for review, it is clear from the record that the trial court understood that the statute did not <u>require</u> the property to be sold. The court stated in its order that, having found that the property cannot be physically divided "without great prejudice or inconvenience," it "<u>may</u> order it to be sold." (Emphasis added.)

"According to the plain language of RSA 547-C:25, the probate court has the authority to order the sale of property and divide the proceeds." <u>DeLucca v.</u> <u>DeLucca</u>, 152, N.H. 100, 105 (2005). A partition action is equitable in nature, and we will not disturb the trial court's equitable order unless it constitutes an unsustainable exercise of discretion. <u>Hayes, Tr. v. Connolly, Tr.</u>, 172 N.H. 102, 106 (2019). The record shows that the respondent is not financially able to promptly reimburse the petitioner for his contributions to, and interest in, the property without refinancing the mortgage loan on the property and that, as of trial, she had been unable to refinance the property under terms that would allow her to reimburse the petitioner for his share. Based upon this record, we conclude that the respondent has failed to demonstrate that the trial court unsustainably exercised its discretion in ordering the property to be sold. <u>See</u> <u>id</u>.

Moreover, the court's order specifically provides that the respondent may, in lieu of a sale, acquire the petitioner's interest in the property by

reimbursing him for his contributions to the property and paying him for his half interest in the property based on a current appraisal. We note that this remedy would provide essentially the same relief the respondent requested in her answer to the petition. The court's only caveat was that the property must be marketed within 30 days and that the respondent "may not delay the listing and sale of the property to attempt to obtain any required financing."

The respondent next argues that the trial court erred in ruling that all but one of her exhibits were inadmissible. We review challenges to a trial court's evidentiary rulings under our unsustainable exercise of discretion standard. In the Matter of McArdle & McArdle, 162 N.H. 482, 485 (2011). We will reverse such rulings only if they are clearly untenable or unreasonable to the prejudice of a party's case. Id. The trial court ruled that, with the exception of the town's property assessment, the respondent's exhibits consisted of settlement discussions and communications between the parties not relevant to the property division. The respondent argues that the partition statute specifically provides that the court may consider "the nature of the use made of the property by the parties," see RSA 547-C:29, and that her exhibits were relevant to show that she uses the property both for her personal residence and her business. The record shows, however, that the trial court fully considered the fact that the respondent uses the property both for her personal residence and her business. Based upon this record, we conclude that the respondent has failed to show that the trial court's rulings were clearly untenable or unreasonable to the prejudice of her case. See In the Matter of McArdle, 162 N.H. at 485.

Finally, the respondent argues that the trial court deprived her of her due process rights by ordering the parties to place the property on the market "within 30 days of the date of the clerk's notice of this order," asserting that the court thereby deprived her of her right to appeal the court's decision. However, the respondent's timely appeal stayed the trial court's order from taking effect, see Gray v. Kelly, 161 N.H. 160, 167-68 (2010); Prob. Div. R. 74, as the trial court recognized in its September 26, 2019 order denying, in part, the petitioner's post-trial motion on the ground that it cannot "order a sale pending the appeal." Accordingly, we find no error.

The petitioner's request for attorney's fees on appeal is denied. See Sup. Ct. R. 23.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2